## THOMAS D. PEARCE

### *v.*

## THE TOWN OF GILMER.

1. HIGHWAYS—*where the order establishing a road fails to prescribe the width.* Where an order of a county commissioners' court establishing a public highway, omitted to prescribe the width of the road, it was *held*, the order was not a nullity, nor the road opened under it illegal, by reason of such omission, but the proceeding was merely erroneous.

2. And after the road had been recognized and worked as a public highway for eighteen years subsequent to the order of the court, it was too late to deny the validity of the order, merely on the ground that it failed to define the width of the road.

3. Where a roadway was actually opened, traveled and worked, under such an order, the public would have a legal right of way over such width of road as the owners of adjacent lands might open in obedience to the order. If they should not establish the width by fencing, but allow the road to be traveled and worked as a public highway on unenclosed land, without, in the proper time and manner, raising a question as to the defect in the order, the public would take at least the minimum width of thirty feet.

4. So where a person obstructs a highway which has been actually opened, traveled and worked under such an order, he will be liable therefor, as for obstructing a legally established highway.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Messrs. SKINNER & MARSH and Messrs. WHEAT & MARCY, for the appellant.

Mr. JACKSON GRIMSHAW and Messrs. WARREN & WHEAT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a prosecution for obstructing a highway. The jury found for the plaintiff, and the defendant appealed.

The prosecution alleged the existence of the highway, on the threefold ground of prescription, dedication, and an order of the county commissioners' court, made in 1842, establishing the road under the statute. The errors assigned relate chiefly to the instructions of the court in regard to prescription. We do not deem it necessary to discuss them, for the reason that we deem the existence of the highway clearly shown under the order of the county commissioners' court. The petition for the

road was not to be found among the files of the county clerk's office, but was clearly proved to have been duly presented, with the requisite number of signers.

The record of the March term, 1842, also recites the filing of the petition, and then follows an order appointing viewers. The record of the September term, 1842, shows the report of the viewers, which is set out at length, the acceptance of the report, and an order that it "be recorded in the book of road reports, and opened accordingly," which last two words, though grammatically referring to the report, were evidently intended to refer to the road, and must be so construed. Indeed, the only objection taken to the validity of this order, is, that neither the report nor order specifies the width of the road, nor did it appear by the plat or survey, which is proven to have been filed.

The act then in force required the county commissioners' court, on the return of the report and plat, to establish on record the width of the road, making none less than thirty feet, and the main roads four rods.

Unless the failure, on the part of the court, to establish the width of a road, made its order establishing the road itself an absolute nullity, it is clear that where a roadway was actually opened, traveled and worked, under such an order, it would be a legal road—that is, the public would have a legal right of way over such width of road as the owners of adjacent lands might open in obedience to the order. If they did not establish the width by fencing, but allowed the road to be traveled and worked as a public highway on unenclosed land, without, in the proper time and mannner, raising a question as to the defect in the order, the public would take at least the minimum width of thirty feet. The question is not whether, by taking proper steps, the owners of the land could have had this order set aside, but whether, the order not having been set aside, but executed, it can now be claimed that the road, after so many years of travel and recognition as a public highway, has no legal existence because the order establishing it did not define

its width.   In regard to this matter, we can entertain no doubt. It is simply a question of jurisdiction.   If the county commissioners' court had acquired jurisdiction, its order was not a nullity, though it may have been erroneous, and, on familiar legal principles, is binding until set aside, and acts done under it while in force are valid.   In this case there is no question but that the court had acquired jurisdiction in the manner prescribed by the statute.   All its proceedings were regular to the final order, and the fact that this order did not go so far as it should have done, can not be accepted as a valid reason for holding the order which was made, a nullity, or a road opened under it illegal.   This is the view taken by this court in *Alvord* v. *Ashley*, 17 Ill. 370, and *Morgan* v. *Green*, ib. 397.

In this case the road had been traveled for some years prior to the making of the order in 1842.   From that time it continued open, and was traveled, recognized and worked as a public road until 1860, when the father of the present defendant closed it.   As there was another road near at hand, which accommodated the public, it remained closed until 1868, when it was opened by the township authorities, and soon after closed by the defendant.   After having been recognized and worked as a public highway for eighteen years subsequent to the order of the county commissioners' court, it was too late to deny the validity of the order, merely on the ground that it failed to define the width of the road.   It must be recognized as a legally laid out road to the extent to which it was opened or kept open, which is shown to have been about thirty feet, or the minimum width prescribed by law.

We do not find the conflict alleged by appellant's counsel between the fifth instruction given for plaintiff, and the fourteenth given for defendant, in regard to abandonment.

The judgment must be affirmed.

*Judgment affirmed.*