## THE COMMISSIONERS OF HIGHWAYS

*v.*

## THOMAS HARRISON.

### *Filed at Mt. Vernon January 22, 1884.*

1. HIGHWAY—*as to the width of a public road—by whom to be determined, and how ascertained.* Under the laws in force in 1853, the county court, upon the return to it of the viewers' report, with a plat showing courses and distances, was required to fix the width of a public road in the order establishing the same, and enter the same of record. The statute did not of itself fix the width of the road. It was simply directory, that the court should determine that matter. But a failure to fix the width of a road by that court did not render the order establishing the road a nullity. It might still be sustained as a road of the width that it was actually traveled and worked under such order.

2. Under authority in the county court to relocate a public road, there is no power to establish the road on the same identical route, and define its width; and the court can not, after the rights of the public have been fixed as to the width of a road, make a new order increasing its width, without first taking the necessary steps to condemn the additional ground sought to be taken.

3. Section 64, article 17, of the Township Organization law of 1861, though it might have legalized a road laid out by the county court, by making the order laying it out evidence of the regularity of all the proceedings in its establishment, did not determine the width of such road, but left that as it was before its passage.

4. Where the county court, in its order establishing a public road, failed to fix the width of such road, and it appeared it was opened, traveled and worked upon only to the width of forty feet for many years, when the commissioners of highways threatened and were preparing to open the road through complainant's premises four rods wide: *Held,* that the opening of such road beyond the width of forty feet was properly enjoined on bill in equity.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. C. S. CONGER, Judge, presiding.

Mr. F. G. COCKRELL, for the plaintiffs in error:

If the county court in 1853 obtained jurisdiction of this road by petition, etc., to open and work the same, there seems

to be no reason why the court could not enter an order at any time, supplying its own records. (Laws 1861, p. 257, sec. 64.) How far does this statute legalize roads? Does the question of a main leading road require a judicial finding in a proceeding to establish the same, or can it be shown as any other fact in proceedings like this, and the statutory width allowed? *Harlan* v. *Harriston*, 6 Cow. 189.

Every presumption will be indulged as to the regularity of the proceedings to lay out the road. *Nealy* v. *Brown*, 1 Gilm. 10; *Dumoss* v. *Francis*, 15 Ill. 543; *Henline* v. *People*, 81 id. 269; *Galbraith* v. *Lettiech*, 73 id. 209; *Frizell* v. *Rogers*, 82 id. 109. See, also, *Morgan* v. *Green*, 17 Ill. 395.

Work and repairs by the authorities are *prima facie* evidence that the road was legally established. *Eyman* v. *People*, 1 Gilm. 4; *Illinois Central R. R. Co.* v. *Benton*, 69 Ill. 174.

The object of the recent survey was to enable the commissioners to locate the limits of the road already established. *Gentleman* v. *Soule*, 32 Ill. 271; *Owens* v. *Crossett*, 105 id. 354.

Mr. Rufus Cope, for the defendant in error:

The court in its order failed to fix any width, as required by statute. Until after the order of the court made on report of the viewers, the road is not established. (Gross' Stat. p. 673, sec. 57; *Linblom* v. *Ramsay*, 75 Ill. 246.) But if the effect of these proceedings is to establish a road at all, it would be a road forty feet wide—the minimum limit fixed by statute. *Pearce* v. *Town of Gilmer*, 54 Ill. 25.

It is claimed that the width of the road was fixed by an order made five years after. If there was already an established road, the court had no jurisdiction to change it, except on petition and notice. The evidence shows conclusively that there was no road by prescription. The line of travel became fixed as the road became fenced on both sides, and at the

point in question less than twenty years, ago.   There are many valuable hedge fences, all made on the supposition that the road is a forty-foot road.   These must not be swept away by indulging in presumptions.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a controversy with reference to the width of a certain highway.   The complainant in the court below virtually concedes the existence of the highway in his bill, but claims it is only of the width of forty feet, and prays that the defendants below, who are commissioners of highways, be enjoined from removing obstructions beyond that width.   The defendants, by their answer and cross-bill, claim the highway was originally laid out sixty-six feet in width, but that subsequently, on proceedings to relocate it, it was reduced to the width of sixty feet.   The court below, on the hearing, found and decreed in accordance with the allegations and prayer of complainant's bill.

The petition for the highway was directed to the county court in 1853, and such proceedings as were had thereon were had in that year.   Viewers were appointed, who surveyed, staked and platted a highway, without, however, designating any width, and reported the same to the court, and the court received the same and ordered it to be recorded.

The question is raised, first, under the statute then in force was it necessary for the viewers to report the width of the highway, and for the court to designate that width in an order for the laying out of the highway? and second, if necessary, what is the effect of its omission upon a highway laid out and used as such?   The statute then in force was the act approved March 3, 1845, entitled "Roads," as amended at various times before 1853.   (2 Purple's Stat. 1038, *et seq.*)   The 18th section of that act requires viewers, in case of application for a new road, to locate and establish the road, "caus-

ing the same to be surveyed, designating its course through prairies and improved land by fixing stakes in the ground, or by plowing two furrows, at the distance apart of the full width of the road,  *  *  * and make report thereof to the next county commissioners' court." And the 33d section of the same act is as follows : "All roads shall be surveyed, and a plat, with the courses and distances thereof, returned with the report of the viewers to the commissioners' court, which shall be recorded and filed. The commissioners' court, on the return of the report and plat, shall determine and establish on record the width of the road, making the main leading roads four rods wide, and none less than thirty feet." This language is too plain to admit of construction. It is the duty of the court to determine and establish on record the width of the road. It is directed to make the main leading roads four rods wide. The language is not that all main leading roads are thereby declared to be four rods wide, but, simply, that the court shall make them so. The language is directory to the court alone, and the question whether a road is a main leading road, or not, is one addressed to the court, and which it must decide before making its order. Necessarily, therefore, it could not be the subject of investigation elsewhere, unless it might be on appeal to some supervisory tribunal. It could not be inquired into in a collateral proceeding like the present. But we have held this omission to fix the width of the road does not render an order establishing it an absolute nullity, and that it may be sustained, notwithstanding the omission, of the width that it was actually traveled and worked under such an order. *Pearce* v. *Town of Gilmer*, 54 Ill. 25.

But counsel insist the omission here was cured by an order made by the county court in 1858 to relocate the road sixty feet in width. We know of no authority for the making of that order. There was then authority for relocating and altering roads, (1 Gross' Stat. 1869, sec. 61, chap. 90, title

26—108 ILL.

"Roads,") and there was also authority for laying out new roads—but this was neither.

Counsel, however, make the point that the court having jurisdiction, could, at any subsequent period, however remote, make an order to correct the omission and fix the width of the road. The answer to this is obvious. The road as ordered to be laid out, if there was an order that may be held to have had that effect, became a public road of the width it was opened, worked and used. The rights of adjacent land owners became fixed by that opening, working and using. To enlarge the width of the road at a subsequent period, would be to again take so much of their property for public use, which could only be done in some authorized mode of condemning private property for public use, which it is not claimed was here pursued.

Finally, counsel invokes the aid of section 64, article 17, of the Township law of 1861. (Public Laws of 1861, page 257.) Assuming that section legalizes this road as a public highway, it does not enlarge the order laying it out, or give it a prescribed width, but simply makes the order laying it out evidence of the regularity of all the proceedings in laying it out, leaving its width to be as it may have been previously fixed. We can not say the court erred in holding, under the evidence, that the road was only laid out, worked and used of the width of forty feet.

The decree below awarded execution against the defendants, and the error thereupon assigned is confessed. The decree will be amended by striking out the order awarding execution, and then affirmed.

*Decree affirmed.*

Mr. JUSTICE WALKER: I am unable to concur in this opinion.